1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | MARK OUELLETTE,

CASE NO. 06cv2489 BEN (WMc)

12

Petitioner,

**REPORT AND RECOMMENDATION**
13    vs.

**OF UNITED STATES MAGISTRATE**
**JUDGE DENYING RESPONDENT'S**
14

**MOTION TO DISMISS**
15 | ROBERT J. HERNANDEZ, Warden,

16

Respondent.

17

## I.

18

## INTRODUCTION

19

20        Mark Ouellette ("Petitioner"), a state inmate represented by counsel, filed a petition for writ

21 of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") on November 6, 2006, challenging his

Board of Parole Hearing decision.  Robert J. Hernandez ("Respondent") filed a Motion to Dismiss
22
("Motion") on March 19, 2007, arguing the Petition is a "mixed petition" containing both exhausted
23
and unexhausted claims. ( Doc. No. 6.)  In response, Petitioner filed an Opposition to Respondent's
24
Motion to Dismiss ("Opposition") on April 10, 2007 . (Doc. No. 8.)  Respondent did not file a Reply
25
brief in support of the motion to dismiss.
26
        This Report and Recommendation is submitted to United States District Court Judge Roger
27
T. Benitez, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule H.C.2 of the United States District
28

1   Court for the Southern District of California.  After reviewing the Petition, Respondent's Motion to

2   Dismiss,  attached Memorandum of Points and Authorities, and all supporting documents submitted

3   by the parties, the Court recommends that the Motion to Dismiss be **DENIED** for the reasons stated

4   below.

5                                             **II.**

6                                    **STATE PROCEEDINGS**

7           On November 23, 1993, Petitioner entered a guilty plea to second-degree murder and was

8   sentenced to a term of 15 years to life with the possibility of parole. (Lodgment 1.) Defendant was

9   given credit for 564 days in custody. (*Id.*)

10          Petitioner had his parole consideration hearing at the Richard J. Donovan Correctional Facility

11   on August 10, 2005. (Petition, Exhibit B at 1.) After considering Petitioner's history and parole plans,

12   the Parole Board found Petitioner unsuitable for parole for three years. (*Id.* at 81-82.) The Parole

13   Board  decision became final on December 28, 2005. (*Id.* at 89.)

14          On January 4, 2006 Petitioner filed a Petition for Writ of Habeas Corpus with California

15   Superior Court for the County of Los Angeles. (Petition, Exhibit D at 1.)  The California Superior

16   Court denied the petition on July 6, 2006. (*Id.* at 2.) The California Superior Court held the Parole

17   Board decision was not arbitrary and did not violate due process because the decision was based on

18   "some evidence" and additional corroborating factors. (*Id.* at 2-3.)

19          In a summary decision, the California Court of Appeal denied the petition for writ of habeas

20   corpus citing *In re Rosenkrantz*, 29 Cal. 4th 616,667 (2002) for the proposition that the Parole Board's

21   denial in a parole suitability determination must be upheld if it is supported by "some evidence" in

22   the record of the proceedings before the board. (Petition, Exhibit E.) On October 25, 2006, the

23   Supreme Court of California declined review without consideration of the merits in a one line order

24   – "Petition for review DENIED." (Petition, Exhibit F.)

25                                            **III.**

26                                  **FEDERAL PROCEEDINGS**

27          The California Supreme Court denied Petitioner's petition for review on October 25, 2006.

28   The ninety day period for filing a petition for certiorari with the United States Supreme Court ended

on January 13, 2006, which started the running of the statute of limitations under 28 U.S.C. § 2244(d) for Petitioner's federal habeas petition. Absent tolling, the statute of limitations would expire on January 13, 2007.

On November 11, 2006, Petitioner filed his timely Petition for Writ of Habeas Corpus and attached a transcript of the parole hearing and state court decisions denying habeas relief. On March 19, 2007, Respondent filed a Motion to Dismiss and lodged Petitioner's state habeas petitions. Respondent alleges the petition is mixed because aspects of what Respondent describes as Petitioner's "Ground Two" and "Ground Six" were not raised in state court.

**IV.**

**STATEMENT OF FACTS**

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may only rebut the presumption of correctness with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The California Superior Court for the County of Los Angeles found the following facts and circumstances underlying the petitioner's commitment offense and parole hearing:

**A. Commitment Offense**

"On November 6, 1992, law enforcement responded to the petitioner's home regarding a rescue call. The officer observed [P]etitioner giving CPR to a small child. The child's lips were blue and his pupils were fixed. The child was cold, rigor mortis was present, and post-mortem lividity was observed. The officer observed bruises on the child's lower left leg and on the left side of its face. Petitioner admitted putting his hand over the child's face and shaking him until he stopped crying. Petitioner grabbed the child's face and smothered him. The autopsy revealed that the child had extensive internal injuries which included extensive bruising to organs, several broken ribs, damage to the back and body bruising that was visible on the skin. The autopsy attributed the cause of death to multiple traumatic injuries occurring within the last month of the child's life. The child was two and a half years old."

///
///
///

**B. Parole Hearing**

"The Board noted that [P]etitioner had beaten the child over an extended period of time prior to the child's death.

Petitioner explained that at the time of the commitment offense, he was a heavy alcohol and drug user.

The Board concluded that [P]etitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. The main factor the Board took into consideration was the commitment offense. The Board found that the offense was cruel in that the crime involved the beating of a two and a half year old child over an extended period of time resulting in significant and fatal injuries to the child. The Board also noted petitioner's unstable social history as grounds for denial. Specifically, the Board found that methamphetamine as well as well as the use of marijuana contributed to petitioner's unstable social history."

**V.**

**STANDARD OF REVIEW**

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. A claim can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King Spaulding*, 467 U.S. 69, 73 (1984). The court must accept as true all material allegations in the complaint, as well as reasonable inference to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896,898 (9th Cir. 1986)

Unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim, a complaint cannot be dismissed without leave to amend. *Conley*, 355 U.S. at 45-46; see also *Lopez v. Smith*, 203 F.3d 1122, 1129-30 (9th Cir. 2000) (en banc) (district court should grant leave to amend when complaint fails to state a claim "unless it determines that the pleading could not possibly be cured by the allegation of other facts" or "it appears at all possible that the plaintiff can correct the defect.") (citations omitted).

**VI.**

**DISCUSSION**

**A.  Respondent's Motion to Dismiss**

Respondent moves to dismiss the Petition for Writ of Habeas Corpus. (Motion at 1.) Respondent alleges Petitioner has a mixed petition with both exhausted and unexhausted claims. (*Id*. at 1-2.) First, Respondent contends Petitioner is raising a new claim for habeas relief when Petitioner suggests the 'some evidence' standard of review should not be applied to Petitioner's constitutional claims.  (*Id*. at 4.)

Second, Respondent asserts Petitioner's Due Process claim is unexhausted because Petitioner raises additional issues in the federal petition that were not raised in any state court petitions. (Motion at 5.)  Respondent maintains Petitioner made the following new claims in his federal habeas petition: (1) that the Parole Board improperly applied offense factors to his case that are limited to special circumstance first degree murder cases, and (2) the Parole Board failed to establish a nexus between Petitioner's parole risk and factors used to deny parole. (*Id.*)

**B.  Petitioner's Opposition**

Petitioner contends his constitutional claim has been fully exhausted in the state courts and is mischaracterized by Respondent. (Opposition at 1.)  Petitioner argues that Respondent is confusing additional arguments in support of an existing claim with new claims for relief. Petitioner contends only claims for relief need to be exhausted and that the suggestion that a different standard of review should be applied is not a new claim, but an additional argument. (*Id*.) Petitioner also asserts it was his duty to address which standard of review the Court should apply to his constitutional claims.  (*Id*. at 2.)

Petitioner states that his due process claim is properly exhausted because the only difference between the instant petition and prior state petitions is the word "nexus".  (Opposition at 2.)  Petitioner also argues that the two other allegedly unexhausted claims identified by Respondent are really additional arguments and do not need to be exhausted. (Opposition at 3-4.)

///

///

**C. Exhaustion of State Remedies**

The Supreme Court requires federal district courts to dismiss 'mixed' habeas petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). The exhaustion of state remedies doctrine, codified in 28 U.S.C. §§ 2254(b) and (c), precludes federal habeas relief unless state prisoners have exhausted their claims in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839, 842 (1999).

The Supreme Court explained the exhaustion requirement in *Picard v. Connor*, 404 U.S. 270, 275 (1971). The Court emphasized petitioners must 'fairly present' their federal claims to the state courts to provide the states with "the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Id*. at 275. See *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (explaining and reaffirming *Picard v. Connor*). The Court further explained the exhaustion requirement is not satisfied unless a state prisoner presented the same claim to the state courts that the prisoner later brings to federal courts. *Id*. at 276. The Court held "the substance of a federal habeas corpus claim must first be presented to the state courts." *Id*. at 278. However, the Court noted "there are instances in which "the ultimate question for disposition" will be the same despite variations in the legal theory or factual allegations urged in its support." *Id*. at 277.

**i. Petitioner's Due Process Claim Is Exhausted**

Exhaustion requires the petitioner to give state courts a "fair opportunity to act on [his] claim" before presenting those claims in a federal habeas petition."*O'Sullivan*, 526 U.S. at 844. The petitioner must describe in the state petitions both the operative legal facts and the federal legal theory on which his claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (overruled in part on different grounds).

The argument made in Section II of Petitioner's instant federal petition was raised as Ground Three in his state court petitions. (Lodgment 2 at 13-17.)  In the State court proceedings, Petitioner contended the Parole Board violated due process by rendering an unsuitable decision under the 'preponderance of evidence' standard for parole decisions.  (Lodgment 2 at 14.) Petitioner argues only 'some evidence' existed to deny his parole because only one of fifteen factors considered disfavored parole and the decision to deny parole was based solely on his

commitment crime. (*Id*.) Petitioner claims the other fourteen factors weighed in favor of parole. (*Id*.) Petitioner cites authority suggesting that denial of parole, which is based only on the nature of the commitment offense, may violate due process. (*Id*. at 16.) Petitioner claims a due process violation occurred in the instant case because no rational panelist could have found a 'preponderance of evidence' in the record to indicate Petitioner posed an unreasonable risk of danger to public. (*Id*. at 19.)

In order to draft Section II of his federal petition, it appears Petitioner has indeed made some changes to Ground Three of his state court petition.  Specifically, Petitioner has altered language, changed citations to authority and added substance to his claim. However, Petitioner has not changed his legal theory, and he still maintains the Parole Board violated due process because its decision did not satisfy the preponderance of evidence standard.  From a review of the pleadings and lodgments, it is clear to the Court that as to Section II of the federal Petition, Petitioner has simply supplemented his argument that no panelist could have denied parole based on a 'preponderance of evidence' in the record that Petitioner posed a danger to the public.  While Petitioner furthers his argument in the instant federal petition by claiming there was no connection between the facts of the commitment offense and the Petitioner's current risk to public safety, Petitioner has not altered the factual basis of his claim or his operative legal theory.  (*Id*. at 12-13.) Instead, Petitioner additionally notes that some of the codified factors mentioned earlier in the Petition (Petition at 10, Lodgment 2 at 14) are typically applied only to special circumstance first degree murder cases. (Petition at 13.)

For all the preceding reasons, **it is RECOMMENDED** the Court find that the state court was given a "fair opportunity to act" on the operative legal facts and legal theory presented in the instant federal Petition and Petitioner's Due Process claim is, therefore, properly exhausted.

///

///

///

///

///

    **ii.  Petitioner's Request To The Court To Apply The Substantial Evidence Standard Is Not An Unexhausted Constitutional Claim**

    As noted above in Subsection A of this Report and Recommendation, Respondent also argues that Section VI of the habeas petition sets forth an unexhausted claim not considered by the state court.  Petitioner contends that the material discussed at Section VI of the federal habeas petition is not a claim for relief subject to the exhaustion requirement, but is an argument suggesting the standard of review the Court should use for its review of Petitioner's claims. (Opposition at 1-2.)

    The Court agrees with Petitioner and finds the *Brodsky v. Kane* decision, cited in Petitioner's opposition, persuasive and on point.  *Brodsky v. Kane*, 2007 WL 120829 (N.D. Cal.). In *Brodsky*, a state prisoner brought a petition for writ of habeas corpus alleging a violation of the Due Process Clause based in part on the contention that the state court applied the wrong level of evidentiary review by applying the some-evidence standard as opposed to the substantial evidence test.  *Id.* at *2.  The *Brodsky* court explained, "[s]imply put, these unexhausted "claims" are not claims at all; they are arguments advanced by Petitioner in support of a singular due process claim. (Moreover, in so far as these "claims" argue that the California courts applied the relevant constitutional principles incorrectly, Petitioner correctly point out that it would not be possible for him to exhaust them in state court; rather these are types of arguments that by definition must be made in federal habeas proceedings about whether the decisions of state courts were "contrary to, or an unreasonable application of" clearly established Supreme Court precedent.)"  *Id*. at *3.

    Here, Petitioner has also alleged a violation of the Due Process clause supported by various arguments including the argument asserted by the petitioner in *Brodsky,* that the substantial evidence standard as opposed to the some evidence standard should be applied to adjudicate constitutional claims.  Because this contention is an argument in support of Petitioner's due process claim, which has not been altered, it is **RECOMMENDED** that the Court find the state court was given a "fair opportunity to act" on the operative legal facts and legal theory presented in the instant federal Petition and Petitioner's Due Process claim is, therefore, properly exhausted. ///

**VII.**

**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order **DENYING** Respondent's Motion to Dismiss because Petitioner has exhausted his available state judicial remedies.

**IT IS ORDERED** that no later than **October 19, 2007,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 2, 2007**.  The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  September 27, 2007

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

CC:         DISTRICT JUDGE ROGER T. BENITEZ
            ALL PARTIES