UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK OUELLETTE,<br><br>                            Petitioner,<br>vs.<br><br>ROBERT J. HERNANDEZ, Warden,<br><br>                            Respondent. | CASE NO. 06cv2489 BEN (WMc)<br><br>**ORDER ADOPTING AND MODIFYING REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Mark Ouellette ("Petitioner"), a state inmate represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") on November 9, 2006, challenging his Board of Parole Hearing decision. Robert J. Hernandez ("Respondent") filed a Motion to Dismiss ("Motion") on March 19, 2007, arguing the Petition is a "mixed petition" containing both exhausted and unexhausted claims. ( Doc. No. 6.) In response, Petitioner filed an Opposition to Respondent's Motion to Dismiss ("Opposition") on April 10, 2007. (Doc. No. 8.)

On September 27, 2007, Magistrate Judge William McCurine issued a Report and Recommendation ("Report") recommending that the Motion to Dismiss be denied. Respondent only objects in part to the Report's findings. Respondent concedes that "the ultimate conclusion of the Report" is correct. (*See* Objections at 2:1; 7:13.) But he points out that there are seven incorrect

- 1 -                                                       06cv2489 BEN (WMc)

factual and legal findings in the Report. *See id.* at 1-2. For the reasons stated below, the Court adopts the well-reasoned Report and Recommendation of the Magistrate Judge with modifications, denies Respondent's Motion to Dismiss, and directs Respondent to file an Answer and show cause why the writ should not be granted.

A district judge "may accept, reject, or modify the recommended decision" of a Magistrate Judge on a dispositive matter. F.R.C.P. 72(b); *see also* 28 U.S.C. §636(b)(1). Moreover, "the court shall make a *de novo* determination of those portions of the [Report and Recommendation] to which objection is made." *Id.* "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. . . . Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert denied*, 157 L.Ed.2d 182 (2003) (emphasis in original).

In the Report and Recommendation, the Magistrate Judge correctly considered the Petitioner's efforts to exhaust his state remedies and determined that all of the issues were exhausted. Accordingly, this Court adopts the Report and Recommendation with modifications.

## II.  STATE PROCEEDINGS

On November 18, 1993, Petitioner entered a guilty plea to second-degree murder and was sentenced to a term of 15 years to life with the possibility of parole. (Lodgment 1.) Defendant was given credit for 564 days in custody. *Id*. Petitioner had his parole consideration hearing at the Richard J. Donovan Correctional Facility on August 10, 2005. (Petition, Ex. B at 1.) After considering Petitioner's history and parole plans, the Parole Board found Petitioner unsuitable for parole for three years. *Id*. at 81-82. The Parole Board decision became final on December 28, 2005. *Id*. at 89.

On January 4, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with California Superior Court for the County of Los Angeles. (Petition, Ex. D at 1.) The California Superior Court denied the petition on July 10, 2006. *Id*. at 2. The California Superior Court held the Parole Board decision was not arbitrary and did not violate due process because the decision was based on "some evidence" and additional corroborating factors. *Id*. at 2-3.

In a summary decision, the California Court of Appeal denied the Petition for Writ of Habeas

1  Corpus citing *In re Rosenkrantz*, 29 Cal. 4th 616, 667 (Cal. 2002) for the proposition that the Parole
2  Board's denial in a parole suitability determination must be upheld if it is supported by "some
3  evidence" in the record of the proceedings before the board. (Petition, Exhibit E.) On October 25,
4  2006, the Supreme Court of California declined review in a one-line order – "Petition for review
5  DENIED." (Petition, Exhibit F.)

## III. FEDERAL PROCEEDINGS

7  The California Supreme Court denied Petitioner's Petition for Review on October 25, 2006.
8  Judge McCurine found that the ninety-day period for filing a petition for certiorari with the United
9  States Supreme Court ended on January 13, 2006, which started the running of the statute of
10 limitations under 28 U.S.C. § 2244(d) for Petitioner's federal habeas petition. Therefore, absent
11 tolling, the statute of limitations would expire on January 13, 2007.

12 Respondent "does not challenge the timeliness of the Petition." (*See* Objections at 5:7-8)
13 However, Respondent objects on the grounds that the Report erred in its calculation of the statute of
14 limitations. Respondent correctly points out that the Court should apply subdivision D of 28 U.S.C.
15 § 2244(d)(1) rather than subdivision A because "subdivision D applies to habeas petitions challenging
16 administrative decisions, including decisions of parole boards." (*See* Objections at 5:14-15.)
17 Although there has been some disagreement among courts on this issue, the Ninth Circuit clarified in
18 *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) that the limitations period begins to run when
19 the habeas petitioner "could have learned of the factual basis for his claim through the exercise of due
20 diligence."

21 Petitioner's claim that the Parole Board's decision violated due process is subject to a one-year
22 statute of limitations. This period began to run on December 29, 2005, the day after the Board's
23 decision became final, and expired on December 28, 2006. Accordingly, the Court finds that this
24 Petition was timely.

25 On November 9, 2006, Petitioner filed his timely Petition for Writ of Habeas Corpus and
26 attached a transcript of the parole hearing and state court decisions denying habeas relief. On March
27 19, 2007, Respondent filed a Motion to Dismiss and lodged Petitioner's state habeas petitions.
28 Respondent alleges the petition is mixed because aspects of what Respondent describes as Petitioner's

"Ground Two" and "Ground Six" were not raised in state court.

## IV.  STATEMENT OF FACTS

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may only rebut the presumption of correctness with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  The California Superior Court for the County of Los Angeles found the following facts and circumstances underlying the petitioner's commitment offense and parole hearing:

**A.  Commitment Offense**

> "On November 6, 1992, law enforcement responded to the petitioner's home regarding a rescue call.  The officer observed [P]etitioner giving CPR to a small child.  The child's lips were blue and his pupils were fixed.  The child was cold, rigor mortis was present, and post-mortem lividity was observed.  The officer observed bruises on the child's lower left leg and on the left side of its face.  Petitioner admitted putting his hand over the child's face and shaking him until he stopped crying.  Petitioner grabbed the child's face and smothered him. The autopsy revealed that the child had extensive internal injuries which included extensive bruising to organs, several broken ribs, damage to the back and body bruising that was visible on the skin.  The autopsy attributed the cause of death to multiple traumatic injuries occurring within the last month of the child's life.  The child was two and a half years old."

**B.  Parole Hearing**

> "The Board noted that [P]etitioner had beaten the child over an extended period of time prior to the child's death.
>
> Petitioner explained that at the time of the commitment offense, he was a heavy alcohol and drug user.
>
> The Board concluded that [P]etitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. The main factor the Board took into consideration was the commitment offense. The Board found that the offense was cruel in that the crime involved the beating of a two and a half year old child over an extended period of time resulting in significant and fatal injuries to the child. The Board also noted petitioner's unstable social history as grounds for denial.  Specifically,

the Board found that methamphetamine as well as well as the use of marijuana contributed to petitioner's unstable social history."

## V. STANDARD OF REVIEW

Rule 4 of the Rules Governing 2254 Cases governs dismissal in habeas corpus cases. Rule 4, 28 U.S.C. foll. § 2254 advisory committee's note; *White v. Lewis*, 874 F.2d 599, 602-03 (1989); *O'Bremski v. Maass*, 915 F.2d 418, 40 (9th Cir. 1990). "A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)). A writ of habeas corpus is not available "for alleged error in the interpretation or application of state law." *Middleton*, 768 F.2d at 1085. To withstand a dismissal, Petitioner must "state facts that point to a 'real possibility of constitutional error.'" *O'Bremski*, 915 F.2d at 420 (citation omitted). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A).

## VI. DISCUSSION

### A. Respondent's Motion to Dismiss

Respondent moves to dismiss the Petition for Writ of Habeas Corpus. (Motion at 1.) Respondent alleges Petitioner has a mixed petition with both exhausted and unexhausted claims. *Id*. at 1-2. First, Respondent contends that Petitioner is raising a new claim for habeas relief when Petitioner suggests the 'some evidence' standard of review should not be applied to Petitioner's constitutional claims. *Id*. at 4.

Second, Respondent asserts that Petitioner's Due Process claim is unexhausted because Petitioner raises additional issues in the federal petition that were not raised in any state court petitions. (Motion at 5.) Respondent maintains that Petitioner made the following new claims in his federal habeas petition: (1) that the Parole Board improperly applied offense factors to his case that are limited to special circumstance first degree murder cases; and (2) the Parole Board failed to establish a nexus between Petitioner's parole risk and factors used to deny parole. *Id.*

### B. Petitioner's Opposition

Petitioner contends that his constitutional claim has been fully exhausted in the state courts and is mischaracterized by Respondent. (Opposition at 1.) Petitioner argues that Respondent is confusing additional arguments in support of an existing claim with new claims for relief. Petitioner contends only claims for relief need to be exhausted and that the suggestion that a different standard of review should be applied is not a new claim, but an additional argument. *Id*. Petitioner also asserts it was his duty to address which standard of review the Court should apply to his constitutional claims. *Id*. at 2.

Petitioner states that his due process claim is properly exhausted because the only difference between the instant petition and prior state petitions is the word "nexus." (Opposition at 2.) Petitioner also argues that the two other allegedly unexhausted claims identified by Respondent are really additional arguments and do not need to be exhausted. (Opposition at 3-4.)

**C. Exhaustion of State Remedies**

The Supreme Court requires federal district courts to dismiss 'mixed' habeas petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). The exhaustion of state remedies doctrine, codified in 28 U.S.C. §§ 2254(b) and (c), precludes federal habeas relief unless state prisoners have exhausted their claims in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839, 842 (1999).

The Supreme Court explained the exhaustion requirement in *Picard v. Connor*, 404 U.S. 270, 275 (1971). The Court emphasized that petitioners must "fairly present" their federal claims to the state courts to provide the states with "the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Id*. at 275. *See also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (explaining and reaffirming *Picard v. Connor*). The Court further explained the exhaustion requirement is not satisfied unless a state prisoner presented the same claim to the state courts that the prisoner later brings to federal courts. *Id*. at 276. The Court held "the substance of a federal habeas corpus claim must first be presented to the state courts." *Id*. at 278. However, the Court noted that "there are instances in which 'the ultimate question for disposition' will be the same despite variations in the legal theory or factual allegations urged in its support." *Id*. at 277.

**i. Petitioner's Due Process Claim Is Exhausted**

Exhaustion requires the petitioner to give state courts a "fair opportunity to act on [his] claim" before presenting those claims in a federal habeas petition." *O'Sullivan*, 526 U.S. at 844. The petitioner must describe in the state petitions both the operative legal facts and the federal legal theory on which his claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled in part on other grounds) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

The argument made in Section II of Petitioner's instant Petition was raised as Ground Three in his state court petitions. (Lodgment 2 at 13-17.) In the state court proceedings, Petitioner contended the Parole Board violated his due process rights by rendering an unsuitable decision under the 'preponderance of evidence' standard for parole decisions. (Lodgment 2 at 14.) Petitioner argues that only 'some evidence' existed to deny his parole because only one of fifteen factors considered disfavored parole, and the decision to deny parole was based solely on his committed offense. *Id*. Petitioner claims the other fourteen factors weighed in favor of parole. *Id*. Petitioner cites authority suggesting that denial of parole, which is based only on the nature of the committed offense, may violate due process. *Id*. at 16. Petitioner claims a due process violation occurred in the instant case because no rational panelist could have found a 'preponderance of evidence' in the record to indicate Petitioner posed an unreasonable risk of danger to the public. *Id*. at 19.

In Section II of his federal petition, it appears, Petitioner has indeed made some changes to Ground Three of his state court petition. Specifically, Petitioner has altered language, changed citations to authority and added substance to his claim. However, Petitioner has not changed his legal theory, and he still maintains the Parole Board violated due process because its decision did not satisfy the preponderance of evidence standard. Petitioner furthers his argument in the instant federal petition by claiming there was no connection between the facts of the commitment offense and the Petitioner's current risk to public safety. Petitioner additionally notes that some of the codified factors mentioned earlier in the Petition (Petition at 10, Lodgment 2 at 14) are typically applied only to special circumstance first degree murder cases. (Petition at 13.) It is clear to the Court that, as to Section II of the federal Petition, Petitioner has not altered the factual basis of his claim or his operative legal theory. *See id*. at 12-13.

For all the preceding reasons, the Court adopts the Magistrate Judge's finding that the state court was given a "fair opportunity to act" on the operative legal facts and legal theory presented in the instant federal Petition, and that Petitioner's Due Process claim is, therefore, properly exhausted.

### ii. Petitioner's Request to the Court to Apply the Substantial Evidence Standard Is not an Unexhausted Constitutional Claim

In his Motion to Dismiss, Respondent argues that Section VI of the habeas petition also sets forth an unexhausted claim not considered by the state court. Petitioner contends that the material discussed at Section VI of the federal habeas petition is not a claim for relief subject to the exhaustion requirement, but is an argument suggesting the standard of review the Court should use for its review of Petitioner's claims. (Opposition at 1-2.)

The Court agrees with Petitioner and finds the *Brodsky v. Kane* decision, cited in Petitioner's opposition, persuasive and on point. *Brodsky v. Kane*, 2007 WL 120829 (N.D. Cal. Jan. 11, 2007). In *Brodsky*, a state prisoner brought a petition for writ of habeas corpus alleging a violation of the Due Process Clause based in part on the contention that the state court applied the wrong level of evidentiary review by relying on the 'some-evidence' standard as opposed to the 'substantial evidence' standard. *Id.* at *2. The *Brodsky* court explained, "[s]imply put, these unexhausted 'claims' are not claims at all; they are arguments advanced by Petitioner in support of a singular due process claim. (Moreover, in so far as these 'claims' argue that the California courts applied the relevant constitutional principles incorrectly, Petitioner correctly point out that it would not be possible for him to exhaust them in state court; rather these are types of arguments that by definition must be made in federal habeas proceedings about whether the decisions of state courts were 'contrary to, or an unreasonable application of' clearly established Supreme Court precedent.)" *Id*. at *3.

Here, Petitioner has also alleged a violation of the Due Process clause supported by various arguments including the argument asserted by the petitioner in *Brodsky,* that the 'substantial evidence standard' as opposed to the 'some evidence' standard should be applied to adjudicate constitutional claims. Because this contention is an argument in support of Petitioner's Due

Process claim, which has not been altered, this Court adopts the Magistrate Judge's finding that the state court was given a "fair opportunity to act" on the operative legal facts and legal theory presented in the instant federal Petition, and that Petitioner's Due Process claim is, therefore, properly exhausted.

**VII. CONCLUSION**

For the foregoing reasons, Respondent's Motion to Dismiss is Denied.  Respondent is directed to file an Answer and show cause why the writ should not be granted **no later than December 12, 2007.**

**IT IS SO ORDERED**.

DATED:  November 26, 2007

Hon. Roger T. Benitez
United States District Judge